```
              IN THE UNITED STATES DISTRICT COURT FOR
              THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

*In re:*                                *

BALTIMORE MARINE INDUSTRIES,   *   CASE NO. 03-80215-JS
INC.
                               *
    Debtor                         (Chapter 11)
                               *

*   *   *   *   *   *   *   *   *   *   *   *   *

ALAN M. GROCHAL, LIQUIDATING   *
AGENT
                               *
    Appellant,
                               *   ADVERSARY NO: 03-8154-JS
v.
                               *   CIVIL NO.: WDQ-05-1441
OCEAN TECHNICAL SERVICES
CORPORATION, *et al.*          *

    Appellees                  *

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

Alan Grochal, the liquidating agent for Baltimore Marine Industries ("BMI"), appealed the final orders entered by the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") on April 21, 2005 and June 30, 2005, denying the liquidating agent's motion for summary judgment and granting summary judgment in favor of Ocean Technical Services ("OTS") and McCallister Towing of Baltimore ("McCallister") (collectively the "Subcontractors"). For the following reasons the Bankruptcy Court's decision will be affirmed.

1

I.  Background

Before entering bankruptcy, BMI owned and operated a full-service shipyard primarily used for ship repair and reconditioning.  Appellant's Brief, p. 9.  A sluggish economy and a downturn in the ship repair industry led to BMI's filing for Chapter 11 protection on June 11, 2003.  *Id* at 10.

Before the petition date, BMI was contracted by Maersk Line, Limited ("Maersk"), the Military Sealift Command ("MSC") and the Crowley Liner Service ("Crowley") to repair government owned or chartered ships of the Maritime Prepositioning Force.  *Id* at 10-12.  BMI contracted OTS and McCallister to work on the project.

After work was completed, Maersk, MSC and Crowley filed interpleader complaints and turned over funds owed BMI to the court.  The Subcontractors, who had not been paid for their work on the project, moved for summary judgment, seeking a priority interest in the interpleaded funds.  The Liquidating Agent sought summary judgment that the interpleaded funds were property of the debtor's estate.

On April 21, 2005 and June 30, 2005 the Bankruptcy Court denied the Liquidating Agent's motion and granted summary judgment to the Subcontractors.  The Liquidating Agent subsequently appealed the Bankruptcy Court's order to this Court.

2

II.  Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law de novo.  *Nesse v. IRS of the United States*, 305 B.R. 645, 647 (D. Md. 2004) (*citing Canal Corp. v. Finnman*, 960 F.2d 396, 399 (4th Cir. 1992); *Traveler's Ins. Co. v. Bryson Prop., XVIII*, 961 F.2d 496, 499 (4th Cir. 1992)).  Accordingly, the Court will review the Bankruptcy Court's decision *de novo.*

III. Analysis

The Liquidating Agent appeals the Bankruptcy Court's ruling that the Subcontractors had a priority interest in the funds, arguing that the interpleaded funds are property of the estate under 11 U.S.C. § 541(a)(1).  OTS argues in response that the Bankruptcy Court correctly held, as a matter of law, that an unpaid subcontractor who has performed work on a government contract has a priority interest, superior to that of a debtor-contractor, in funds paid to the contractor.

Under § 541(a), the commencement of a bankruptcy action creates an estate that is comprised of, *inter alia,* all legal or equitable interests of the debtor in property wherever located and by whomever held.  11 U.S.C § 541(a).  As the estate necessarily includes the debtor's contract rights and accounts receivable, the Liquidating Agent argues that the interpleaded

3

funds are property of the estate.

Under § 541(d), however, property in which the debtor holds legal title but not an equitable interest becomes property of the estate "only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C § 541(d). When another party has an equitable interest or prior right to property, the property does not become part of the bankruptcy estate and cannot be administered, liquidated or distributed to creditors of the bankrupt. *Pearlman v. Reliance Insurance Company,* 371 U.S. 132, 136 (1962).

Unpaid laborers and materialmen working on a federal contract have an equitable interest in funds paid, or that would be paid, to the contractor. *Pearlman,* 371 U.S. at 141; *Universal Bonding Insurance Co. v. Gittens and Sprinkle Enterprises, Inc.,* 960 F.2d 366 (3rd Cir. 1992); *E.R. Fegert, Inc. v. Seaboard Surety Company,* 887 F.2d 955 (9th Cir. 1989); *Active Fire Sprinklers Corp. v. United States Postal Service,* 811 F.2d 747 (2nd Cir. 1987); *Western Casualty and Surety Company v. Brooks,* 362 F.2d 486 (4th Cir. 1966); *In re Abatement Environmental Resources, Inc.*, 307 B.R. 91,(Bankr.D.Md. 2004); *Brock v. Career Consultants, Inc.*, 84 B.R. 419 (Bankr. E.D.Va. 1988). When the contractor has been paid, the debtor-contractor holds an equitable trust for the benefit of the unpaid subcontractors.

4

*Universal Bonding Insurance Co.,* 960 F.2d at 372, 376. Even where the debtor-contractor has been paid, payments due the subcontractors do not become part of the bankruptcy estate and cannot be liquidated or distributed to the debtor's creditors. *Pearlman,* 371 U.S. at 136; *Universal Bonding Insurance Co.*, 960 F.2d at 372. "[Bankruptcy law] simply does not authorize a trustee to distribute other people's property among a bankrupt's creditors." *Pearlman,* 371 U.S. at 135-136.

It is undisputed that: 1) BMI was under contract to the United States government; 2) OTS and McCallister were subcontractors and materialmen for BMI; and 3) OTS and McCallister were not paid for their work; accordingly, the subcontractors have an equitable interest in the interpleaded funds.  Thus, the funds are not property of the bankruptcy estate, and the Bankruptcy Court appropriately granted summary judgment to the subcontractors.  Accordingly, the decision of the Bankruptcy Court will be affirmed.


January 6, 2006                              /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge

5